ELECTRONIC

**Sept. 3, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____ -Civ.

FLORIDA IMMIGRANT COALITION; EL SOL, )
JUPITER'S NEIGHBORHOOD CENTER; AND )
CORN MAYA, INC., )

**09-cv-81280-MARRA/JOHNSON**

    )
    Plaintiffs, )
    )
MARCOTULIO MENDEZ )
    )
    Plaintiff-Petitioner, )
    )
    v. )
    )
PALM BEACH COUNTY )
SHERIFF RIC L. BRADSHAW )
    )
    )
    Defendant. )
_____ )

## PETITION FOR WRIT OF HABEAS CORPUS AND CIVIL RIGHTS COMPLAINT

### INTRODUCTION

1.    Plaintiffs and Plaintiff-Petitioner Mendez bring this action to challenge Defendant Palm Beach County Sheriff, Ric L. Bradshaw's ("Sheriff") policy and practice of confining persons like Plaintiff-Petitioner Mendez in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution and to seek the immediate release of Mr. Mendez. The policies and practices challenged in this lawsuit include:

- The Sheriff's wrongful confinement of pre-trial detainees for lengthy periods of time without allowing them to post the bond already determined by a state court judge, purportedly in reliance on federal immigration "detainers" issued by Immigration and Custom Enforcement ("ICE").

- The Sheriff's wrongful confinement of pre-trial detainees for far longer than the ICE detainer's explicit 48-hour time limit ("48-hour period") for such detentions.



2.    Plaintiffs Florida Immigrant Coalition ("FLIC"), El Sol, Jupiter's Neighborhood Resource Center ("El Sol"), and Corn Maya, Inc. ("Corn Maya") (collectively the "organizational plaintiffs") are organizations whose members and/or constituents include immigrants who have been, are being, or will be detained pursuant to the above unlawful practices and policies and/or have had to divert resources to combat Defendant's unlawful practices – as such unlawful conduct is counter to their mission to protect immigrants.

3.    Since May 14, 2009, Plaintiff-Petitioner Marcotulio Mendez ("Mr. Mendez") has been confined in the Palm Beach County Jail on Gun Club Road. Although a state court judge set a bond for him, the Sheriff has refused to accept the bond and release Mr. Mendez pending trial, in purported reliance on a detainer issued by ICE. Mr. Mendez seeks habeas corpus relief from this unlawful detention.

4.    Both the organizational plaintiffs and Mr. Mendez seek to enjoin Defendant's unlawful policies and practices.

JURISDICTION AND VENUE

5.    This action is brought pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2241. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 2241 (habeas corpus); 28 U.S.C. § 1343 (civil rights); 28 U.S.C. § 2201 and 2202 (declaratory relief); 42 U.S.C. § 1983; and the Due Process Clause of the U.S. Constitution. Venue is proper in this district pursuant to 28 U.S.C. §1391 (b), (c) and (e) in that the actions complained of occur within the Southern District of Florida and because upon information and belief, Defendant resides in and can be found in this judicial district and his Sheriff's Office is located in Palm Beach County. This action arises in Palm Beach County.

2

6.     This Court has jurisdiction over Mr. Mendez's habeas petition under 28 U.S.C. § 2241 as

he is not being held pursuant to a judgment of a state court, but rather on the basis of a federal

immigration detainer.  Under Florida case law, *Ricketts v. Palm Beach County Sheriff*, 985 So.2d

591 (4th Dist. 2008), *cert denied*  998 So.2d 1146 (S.Ct. Florida 2008), Mr. Mendez is deemed to

be in federal custody, with the lawfulness of his detention pursuant to a federal immigration

detainer presenting a question of federal law.  Alternatively, given the holding in *Ricketts* that

Florida state courts lack jurisdiction to grant relief to individuals held pursuant to federal ICE

detainers, it would be futile for Mendez to pursue habeas corpus in the Florida state courts.

## PARTIES

7.     Plaintiff Florida Immigrant Coalition ("FLIC") is a community-based, non-profit,

membership organization comprised of Florida residents and organizations whose mission is to

educate and mobilize the immigrant community around legal and social issues related to the

rights of immigrants in Florida.  Palm Beach County Immigrant Rights Coalition, a coalition

active in protecting the rights of immigrants, is a member of FLIC.  FLIC seeks equal rights for

immigrants and integration into the civic and cultural life of our communities and accomplishes

its mission through coordination of immigrant organizations and community education,

organizing and advocacy. Its membership includes persons who have been, or are susceptible to

being, detained by Defendant's unlawful practices.  It has had to, and continues to,

divert considerable resources, services and time to assist people in detention because of

Defendant's unlawful practices.  Through this action, it seeks to prevent the unlawful detention

of their members and community – an objective that is at the core of its mission.

8.     FLIC has members who have been or fear being detained without the ability to post bond

in Palm Beach County, for non-serious offenses, including traffic infractions and whose ability

3

to post bond has been or will be obstructed, denied or refused by the Defendant Sheriff and his Office in Palm Beach County. Defendant's unlawful practices have frustrated its mission by diverting FLIC's scarce resources to combat Defendant's unlawful practices at the expense of its regularly-conducted programs/activities. FLIC has been required to expend resources to locate members who have been unlawfully detained, as their whereabouts have been concealed per Defendant's policies, and to counsel its members and confer with other community leaders to combat Defendant's unlawful practices.

9.      Plaintiff El Sol is a non-profit organization and a neighborhood resource center in Jupiter, Florida. It provides services to all residents of the Town of Jupiter, with a special focus on immigrant residents. It provides English-language classes, literacy classes, legal assistance and referrals to Latinos who are arrested for driving without a license and other services to mostly Latino day labor workers. Its mission is to educate day-laborers and contractors about their rights and responsibilities and to assist Jupiter's immigrant population to become an active and integrated part of the larger community. Its board includes representatives from Corn Maya, Inc., other respected leaders of the Hispanic-American community, volunteers, attorneys, social workers, educators, and a representative of El Sol's "workers committee." It has had to, and continues to, divert considerable resources, services and time to assist people in detention because of Defendant's unlawful practices. Approximately one year ago, a client of El Sol was arrested and put in jail under the care, custody and control of the Sheriff, at the Gun Club facility. Eventually, El Sol secured and/or obtained evidence demonstrating his community ties for the public defender to successfully petition the court for bond to be set. However, the Sheriff refused to release him on that bond because there was an "ICE hold" on him. Thereafter, the defendant was acquitted on all charges. Their client was held for prolonged periods of time

4

without the opportunity to post bond because of the Sheriff's prohibition against allowing individuals to post bond with ICE holds.

10.     El Sol has been required in the past, and expects that due to Defendant's unlawful conduct, it will be required in the future, to divert considerable resources to assisting more people in detention because of Defendant's unlawful practices.  El Sol's mission has been frustrated by Defendant's unlawful practices.  It has expended extra time assisting its constituents to try to post bond as Defendant Sheriff denied such bond-posting and has spent additional time trying to locate its constituents that have been unlawfully detained as their location has been withheld.  It has also spent extra time assisting families of those who have been unlawfully detained.

11.     Plaintiff Corn Maya is a non-profit membership organization located in Palm Beach County that is dedicated to serving Latino immigrants, mostly Mayans arriving from Guatemala. It provides assistance to Latino refugees through education, counseling, representation, and advocacy for the reform of immigration laws and procedures which enable refugees to obtain legal status, among other things.  Its membership is largely Latino and includes persons who have been, or are susceptible to being, detained by Defendant's refusal to allow individuals to post bond even though a state court judge set such bond.  It has had to, and continues to, divert considerable resources, services and time to assist people in detention because of Defendant's unlawful practices.

12.     Corn Maya's members have been or fear being unlawfully denied bond by Defendant Sheriff for more than 48 hours.  Defendant's unlawful practices have frustrated its mission.  Corn Maya has had to expend additional resources to combat Defendant's unlawful practices and to help their members cope with such unlawful treatment.  Because of Defendant's unlawful

5

practices, it has had to counsel its members and/or their family members on how to deal with their unlawful detention, has had to take affidavits of its members on what Defendant has done, and has exhausted time trying to find the whereabouts of their detained members without avail, as such location information was withheld by Defendant.

13.    Mr. Mendez is a 28-year old Latino male who resides in Palm Beach County, in the State of Florida. Mr. Mendez has been continually harmed as a result of Defendant's unlawful practices.

14.    Defendant Sheriff Ric L. Bradshaw is the Sheriff of Palm Beach County and is responsible for the policies, practices and customs of the Palm Beach County Sheriff's Office. Defendant Bradshaw is the chief law enforcement officer of Palm Beach County and enforces the laws of the State of Florida and the County – criminal, traffic, and civil. His duties include maintaining law and order through crime prevention and law enforcement programs, operating the County's detention and correction facilities, and serving the orders of the Court and Board of County Commissioners. Sheriff Bradshaw is the warden of the Palm Beach County Jail on Gun Club Road ("Gun Club"). He is the custodian of Mr. Mendez and maintains control of the Palm Beach County Jail. At all relevant times, Defendant Bradshaw was acting under color of law. He is being sued in his individual and official capacity.

15.    Upon information and belief, Defendant's actions were made pursuant to a policy, custom, or practice.

LEGAL FRAMEWORK

16.    When local law enforcement, including the Sheriff of Palm Beach County, arrests an individual, the United States Constitution and Florida law require that a judicial determination promptly be made following arrest as to whether probable cause exists under criminal law for the

6

person's continued detention. *Chavez v. State*, 832 So.2d 730, 752 (Fla. 2002); *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975); Fla. Stat. Sec. 901.151(4).  The local law enforcement agency's authority to continue detaining that individual ceases as soon as there is no longer probable cause to hold him. *D'Agostino v. State*, 310 So.2d 12 (Fla. 1975).

17.     The state trial court has the authority to order the arrestee's release on bail or bond, the amount of which is determined by the court. Fla. Stat. Sec. 903.03(1).  The Sheriff has no lawful authority to refuse the bond or otherwise deny the arrestee the ability to post bond set by a court. *See, e.g., Ricketts v. Palm Beach County Sheriff*, 985 So.2d 591, 592 (Fla. 4th DCA 2008) (Defendant Sheriff acknowledging that he should allow individuals to post bond).

18.     In this case, however, Defendant Sheriff has continued to detain individuals for indefinite extended periods of time and refused them the ability to post bond as determined by the state court, purportedly on the basis of a federal immigration detainer issued by ICE, which states only that an "investigation" is underway regarding that individual's immigration status in the United States.

19.     However, once the arrestee seeks to post bond as authorized by a state court, Defendant Sheriff must allow that bond be posted.  Defendant Sheriff has no independent state authority to continue detaining an individual while immigration agents pursue "an investigation" into that individual's immigration status.

20.     In particular, the Defendant has no legal authority to enforce any aspect of federal immigration law; he has not been granted any such authorization by the United States Attorney General as provided under 8 U.S.C. § 1357 (commonly referred to as the "287(g) program.").  Moreover, the Sheriff's Department has indicated that as of May 2009, Palm Beach County no longer has a contract with ICE to detain immigration detainees for that agency.

7

21.     The Florida courts hold that once the Sheriff of Palm Beach County asserts that an

individual's continued detention in the Sheriff's custody is pursuant to a federal immigration

detainer, rather than state law, the lawfulness of that detention is "a question of law for the

federal courts" over which the state courts lack jurisdiction, and that there is no state habeas

relief available to the detainee.  *Ricketts*, 985 So.2d at 592-93, *cert. denied* 998 So.2d 1146

(S.Ct. Florida 2008).

## DEFENDANT'S UNLAWFUL POLICIES AND PRACTICES

22.     In violation of governing statutory and constitutional law, Defendant Sheriff confines

Latinos and other individuals, often for lengthy periods of time, without permitting them to post

bond as authorized by a state court.

23.     Typically, individuals arrested and detained by the Sheriff on state criminal charges are

taken to a Palm Beach County facility where they may be interviewed by ICE agents, if it is

believed they are not U.S. citizens.  The ICE agent may place a "detainer" hold on a non-U.S.

citizen, advising the Sheriff that "an investigation" is underway into that individual's

immigration status.  Within a reasonable amount of time, the individual is presented to a state

court judge who determines the amount of bail for their release pending disposition of the state

criminal charges.

24.     When that individual attempts to post bond, however, the Sheriff as a policy and practice

refuses to accept the bond or otherwise discourages the individual from trying to post bond, and

refuses to release the individual.  Defendant Sheriff "as a matter of policy and practice, has

repeatedly disregarded state court orders to admit ... defendants to bail, and affirmatively

discouraged if not expressly refused to allow such defendants, through third parties, to post bail."

8

*See* Attached Exhibit A, Daniel Cohen Affidavit, dated June 12, 2009 ¶¶ 2-5. In his capacity as a public defender, Daniel Cohen has filed approximately seventeen petitions, many seeking habeas and certiorari for people unlawfully arrested and detained by the Palm Beach County Sheriff's Office. *Id.* at ¶3.

25.    Although ICE regulations authorize the temporary detention by Defendant Sheriff of "an alien not otherwise detained by a criminal justice agency ... for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department," *see* 8 C.F.R. § 287.7(d), Defendant regularly detains bond-eligible arrestees long beyond the 48-hour period. Defendant's prohibition of bond-posting and/or interference with such starts the detainer 48-hour period such that upon its expiration, detainees should be released. Any continued detention of Plaintiff-Petitioner Mendez and others similarly situated after the 48 hour time period is in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution.

26.    Defendant Sheriff Bradshaw, other members of the Palm Beach County Sheriff's Office, and their legal counsel have confirmed the existence of these policies and practices. *See Ricketts v. Palm Beach County Sheriff*, 985 So.2d 591 (Fla. 4th DCA 2008), *cert. denied* 998 So.2d 1146 (Fla. 2008); *See* Attached Exhibit A, Cohen Affidavit ¶5.

27.    Upon information and belief, Latinos and others have been held for as long as several months under this unlawful process without being given an opportunity to post bond or otherwise challenge the lawfulness of their continued detention on an ICE detainer in state court.

28.    As of May 15, 2009, the Palm Beach County Jail has reported that it no longer houses ICE detainees pursuant to a contract. Thus, any bond-eligible individuals held by the Sheriff for more than 48 hours based solely on immigration detainers should be released, as they are not in

9

ICE custody and have not been transferred to ICE. Once bond has been set and offered, the detainee should be released from state custody. However, Defendant Sheriff continues to hold detainees pursuant to detainers, without allowing them to post bond and for much longer than the 48 hours authorized by 8 CFR 287.7.

29.     Further, Defendant Sheriff Bradshaw and other members of the Palm Beach County Sheriff's Department have refused to disclose the names of individuals held on immigration detainers. This not only makes it more difficult for the detainees to receive legal assistance and to be visited by their family members, but also facilitates the evasion of judicial review. Organizational Plaintiffs have had to divert resources to try to ascertain the whereabouts of their members as such have been withheld by Defendant Sheriff.

ALLEGATIONS OF MARCOTULIO MENDEZ

30.     On May 14, 2009, while driving home, Mr. Mendez was followed home, which was only a few blocks away, by a Sheriff's Office police officer. There was another car between Mr. Mendez and the Officer's car. After Mr. Mendez arrived home and entered his yard, the officer turned on his police car lights and, without any cause, pointed his gun at him. Mr. Mendez immediately put his hands up and assured the officer that he was not doing anything unlawful. In front of witnesses, the officer then pointed a taser gun at him while grabbing his wrist. The officer grabbed him by the collar and shoved him to the ground where he handcuffed him. The officer then dragged Mr. Mendez from his yard to the street face down.

31.     Mr. Mendez was then taken to the Palm Beach County Jail and is currently being held there. He was originally charged with a non-moving violation, driving without a license and resisting arrest with violence. On May 14, 2009, a state court judge set bond at $3,000. On June 15, 2009, the charges were changed to fleeing and eluding, resisting arrest without violence and

driving without a license.

32.     On May 14, 2009, Mendez' pastor, Nicolas Lopez and his friend Ely Mendez arrived at the Palm Beach Jail on Gun Club Road with $3,000 to post bond for Mr. Mendez. *See* Attached Exhibit B, Lopez' Affidavit, dated May 31, 2009, ¶7.  However, an individual in the Sheriff's Office informed them that the bond would not be accepted because an ICE detainer had been issued. *Id.* at ¶8; see also attached Exhibit C, Ely Mendez' Affidavit, dated May 31, 2009 ¶3. As soon as bond was offered and posted, Mr. Mendez would not have been "otherwise detained by a criminal justice agency" and the 48-hour detainer period should have started to run.  If ICE did not assume custody of Mr. Mendez within that time, he should have been released from custody.  Defendant's refusal to allow Mr. Mendez to post bond unlawfully detained Mr. Mendez for over three and a half months – far longer than the 48-hour detainer period.

33.     On July 25, 2009, Pastor Lopez again attempted to post bond for Mr. Mendez.  However, he was strongly discouraged from posting such bond by a Palm Beach County Sheriff's Officer. He was told that if he posted bond for Mr. Mendez, he would not only risk not getting his bond money back, but Mr. Mendez would not be released from jail as he has an immigration hold.

34.     To date, the Sheriff has now detained Mr. Mendez for more than three months since he tried to post bond, with no lawful authority for such continued detention.

35.     The Sheriff's Office has refused Mr. Mendez's immigration attorney's request for a copy of the immigration detainer and/or notice of any immigration-related charges.  Upon information and belief, ICE has not given Mr. Mendez notice of any immigration charges against him, initiated any removal proceeding against him, nor provided him an opportunity to appear before an immigration judge where he could also request bond.

36.     Plaintiffs and/or their members and constituents, have been held unlawfully and have

11

been or will be denied the opportunity to post bail or be provided notice and opportunity to be heard in a challenge to the lawfulness of their confinement pursuant to an ICE detainer.

37.     As a direct and proximate result of Defendant's knowing and intentional conduct with deliberate or reckless indifference to Plaintiffs' civil and constitutional rights, Mr. Mendez has been injured and suffered damages in an amount to be determined.  Defendant is liable for these damages.

## HABEAS CORPUS REMEDY

38.     Mr. Mendez has suffered a loss of liberty that is exacerbated each day of his continued unlawful detention.  "[H]abeas corpus is an appropriate remedy for one held in custody in violation of the Constitution." *Stack v. Boyle*, 342 U.S. 1, 6 (1951). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241.  Although 28 U.S.C. § 2241 does not include an express requirement that a petitioner exhaust administrative remedies, federal courts impose such a requirement when administrative remedies are available. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004).

39.     Mr. Mendez has no such remedy available.  There is no state administrative or judicial process by which Petitioner can challenge his detention pursuant to a federal immigration detainer.  Mr. Mendez is currently being held by Defendant Sheriff pursuant to a detainer issued by ICE; he has not been convicted of any offense and is not being held pursuant to a state court judgment.  As a result, under Florida case law, *Ricketts v. Palm Beach County Sheriff*, 985 So.2d 591 (4th Dist. 2008), *cert denied* 998 So.2d 1146 (S.Ct. Florida 2008), Petitioner Mendez's continued detention pursuant to a federal immigration detainer is "a question of law for the federal courts."  Alternatively, given the holding in *Ricketts* that Florida state courts lack

12

jurisdiction to grant relief to individuals held pursuant to federal ICE detainers, it would be futile for Petitioner Mendez to pursue habeas corpus in the Florida state courts.

40.     So that Petitioner Mendez may litigate the lawfulness of his detention by the Sheriff pursuant to a federal immigration detainer, he requests an order from the Court precluding Defendant Sheriff from transferring custody of him to any other custodian, including ICE, until the Court has adjudicated his petition.  Otherwise, Defendant Sheriff may continue to evade judicial review of the legality of the practices complained of in the instant action by transferring custody of Mr. Mendez, something that is beyond Mr. Mendez's control. Mr. Mendez further seeks a hearing on his habeas petition to argue and amplify his claims.

FIRST CLAIM FOR RELIEF
Fourteenth Amendment, 42 U.S.C. § 1983 (Due Process)

41.     Plaintiffs incorporate by reference the allegations in the paragraphs above as though fully set forth here.

42.     Plaintiff-Petitioner Mendez and Plaintiffs members and/or constituents have a liberty interest in being released on bond pursuant to a proper judicial determination pending the resolution of the criminal charges against them.  Defendant's policies, practices and procedures violate due process because they deprive Plaintiffs and their members and/or constituents their liberty interest without legal authority.

43.     Defendant's policy and practice of withholding the identity of detainees with ICE holds violates their ability to receive pro bono legal assistance and to be visited by their families.  It also precludes them from receiving the due process protections afforded them under judicial review.

44.     The above-described policies, practices and conduct of Defendant Sheriff have violated and will violate Plaintiffs and their members and/or constituents' right to due process of law

13

under the Fourteenth Amendment of the United States Constitution.

SECOND CLAIM FOR RELIEF 42 U.S.C. § 1983
(Fourth Amendment and Fourteenth Amendment)

45.    Plaintiffs incorporate by reference the allegations in the paragraphs above as
though fully set forth here.

46.    Defendant Sheriff has refused to allow Plaintiffs and their members and/or constituents
the ability to post the bond authorized by a state court, unlawfully prolonging their detention.

47.    Generally, any holding of an individual over the 48-hour constitutionally permissible
period without a judicial determination of probable cause is a violation of the Fourth
Amendment, although a period under 48 hours can also be a violation if unreasonably delayed.
*County of Riverside v. McLaughlin*, 500 U.S. 44, 56-59, 111 S.Ct. 1661, 1670-1671 (1991).

48.    The above-described policies, practices and conduct of Defendant Sheriff  violated and
will violate Plaintiffs' right to be free from unreasonable seizure without probable cause under
the Fourth Amendment to the United States Constitution.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court:

1.    Issue a writ of habeas corpus and/or preliminary order releasing Mr. Mendez from the
Sheriff's custody and restraining Sheriff Bradshaw from depriving Mr. Mendez of, or otherwise
interfering with, his ability to post bond in the amount determined by the State court; or, in the
alternative, restraining Defendant Sheriff from transferring physical custody of Plaintiff Mendez
to any other custodian, including ICE, until the Court has held a hearing or other proceeding in
which Mr. Mendez is given an opportunity  to challenge the lawfulness of his continued
detention pursuant to a federal immigration detainer.

14

2.     Issue a declaratory judgment holding unlawful the Sheriff's refusal to allow individuals

to post bond; and the Sheriff's detention of individuals subject to an ICE detainer for more than

48 hours;

3.     Issue an injunction against Defendant Sheriff prohibiting him from interfering with

efforts by persons being held on ICE detainers to post bond;

4.     Award Mr. Mendez nominal, compensatory and punitive damages.

5.     Award Plaintiffs their costs and expenses, including reasonable attorneys' fees under 42

U.S.C. § 1988 and the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C.§ 2412; and

6.     Award such further and additional relief as is just and proper.

DEMAND FOR JURY TRIAL

7.     In accordance with Fed, R. Civ. P. 38(b), and Southern District Local Rule 40.1,

plaintiffs hereby demand a jury trial on all issues triable by a jury.

Dated:  September **3**, 2009

Barry M. Silver
FBN 382108
1200 S. Rogers Circle, Suite 8
Boca Raton, FL 33487
561-483-6900 (phone)
561-488-4676 (fax)
barryboca@aol.com

Diana S. Sen  (*pro hac vice admission pending*)
Jose Perez, Esq.  (*pro hac vice admission pending*)
Foster Maer, Esq.  (*pro hac vice admission pending*)
Jackson Chin, Esq. (*pro hac vice admission pending*)
LatinoJustice PRLDEF
99 Hudson St. - 14th Floor
New York, NY 10013
212-219-3360 (phone)
212-431-4276 (fax)
dsen@latinojustice.org

*Attorneys for Plaintiffs*

16

## VERIFICATION

I, Marcotulio Mendez, hereby declare under penalty of perjury that to the best of my knowledge and belief the matter set forth in the foregoing Writ of Habeas Corpus and Class Action Complaint are true and correct.

The foregoing has been translated to me into Spanish, a language that I understand albeit not my native language language of Mam Maya.

*Marcotulio Mendez   6/29/09*
Marcotulio Mendez

### Affidavit

My name is Daniel Cohen. I have worked as an assistant public defender for the 15th Judicial Circuit of the State of Florida for more than eight years. My office is located at 421-Third Street, West Palm Beach, Florida 33480.

Based upon my experience and belief, I assert the following:

(1) At the request of the United States Bureau of Immigration and Customs Enforcement (ICE), the Palm Beach County Sheriff's Office, as a matter of policy and practice, has been arresting and detaining people in violation of the United States and Florida Constitutions.

(2) The Palm Beach County Sheriff's Office, as a matter of policy and practice, has repeatedly disregarded state court orders to admit such defendants to bail, and affirmatively discouraged if not expressly refused to allow such defendants, through third parties, to post bail.

(3) In my capacity as an assistant public defender, I have filed approximately seventeen petitions seeking extraordinary relief for people unlawfully arrested and detained by the Palm Beach County Sheriff's Office at the request of ICE. The latter petitions consist predominantly of pleadings seeking writs of habeas corpus, and also include petitions seeking certiorari relief.

(4) In my capacity as an assistant public defender, at different times, I began to prepare, or was in the process of preparing, or prepared petitions for other people unlawfully arrested and detained as described above. However, these pleadings were ultimately not filed because of insufficient time to do so, or because the Sheriff frustrated our ability to create a record, or because the prospective petitioner was extradited by the Sheriff into ICE custody before the pleading could be filed.

(5) In his responsive pleadings to the petitions filed in the past, in argument in open court, by letter, and by affidavit, the Palm Beach County Sheriff's Office has repeatedly invoked the authority of ICE regulations and ICE documents as the basis of the Sheriff's actions of arresting, detaining, and refusing to release people on bond, as described herein.

(6) When investigators from the Office of the Public Defender, and others have asked the Sheriff for copies of the ICE detaining documents, the Sheriff has repeatedly refused to provide copies of these documents, invoking the authority of an ICE regulation as the basis for the refusal.

(7) Based upon information obtained from the Sheriff's own records, the Sheriff transferred the following numbers of people from his custody into the custody of ICE: approximately 103 people in November 2008, approximately 94 people in December of 2008, approximately 92 in January of 2009, approximately 73 people in February 2009, approximately 80 in March of 2009, and approximately 63 people in May of 2009.

Under the penalty of perjury, I declare that the above information is to the best of my knowledge true and correct.

Daniel M. Cohen

## Affidavit

My name is Daniel Cohen. I have worked as an assistant public defender for the 15th Judicial Circuit of the State of Florida for more than eight years. My office is located at 421-Third Street, West Palm Beach, Florida 33480.

Based upon my experience and belief, I assert the following:

(1) At the request of the United States Bureau of Immigration and Customs Enforcement (ICE), the Palm Beach County Sheriff's Office, as a matter of policy and practice, has been arresting and detaining people in violation of the United States and Florida Constitutions.

(2) The Palm Beach County Sheriff's Office, as a matter of policy and practice, has repeatedly disregarded state court orders to admit such defendants to bail, and affirmatively discouraged if not expressly refused to allow such defendants, through third parties, to post bail.

(3) In my capacity as an assistant public defender, I have filed approximately seventeen petitions seeking extraordinary relief for people unlawfully arrested and detained by the Palm Beach County Sheriff's Office at the request of ICE. The latter petitions consist predominantly of pleadings seeking writs of habeas corpus, and also include petitions seeking certiorari relief.

(4) In my capacity as an assistant public defender, at different times, I began to prepare, or was in the process of preparing, or prepared petitions for other people unlawfully arrested and detained as described above. However, these pleadings were ultimately not filed because of insufficient time to do so, or because the Sheriff frustrated our ability to create a record, or because the prospective petitioner was extradited by the Sheriff into ICE custody before the pleading could be filed.

(5) In his responsive pleadings to the petitions filed in the past, in argument in open court, by letter, and by affidavit, the Palm Beach County Sheriff's Office has repeatedly invoked the authority of ICE regulations and ICE documents as the basis of the Sheriff's actions of arresting, detaining, and refusing to release people on bond, as described herein.

(6) When investigators from the Office of the Public Defender, and others have asked the Sheriff for copies of the ICE detaining documents, the Sheriff has repeatedly refused to provide copies of these documents, invoking the authority of an ICE regulation as the basis for the refusal.

(7) Based upon information obtained from the Sheriff's own records, the Sheriff transferred the following numbers of people from his custody into the custody of ICE: approximately 103 people in November 2008, approximately 94 people in December of 2008, approximately 92 in January of 2009, approximately 73 people in February 2009, approximately 80 in March of 2009, and approximately 63 people in May of 2009.

Under the penalty of perjury, I declare that the above information is to the best of my knowledge true and correct.

Daniel M. Cohen

Before me this day personally appeared the above named Daniel M. Cohen, who is known to me, and after affirming by oath, deposes and says that the foregoing is true and correct.

AFFIRMED AND SUBSCRIBED BEFORE ME THIS  12ᵗʰ  DAY OF  June  , 2009.

_____
NOTARY PUBLIC
My Commission Expires:

CHARMAINE D. ALLEN
Comm# DD0831126
Expires 10/15/2012
Florida Notary Assn., Inc

told us "it is $3000 USD not $300" and we said "yes we have the money with us". She seemed surprised. She thereafter told us that only one of us could go inside the room to pay.   Since Ms. Ely Mendez was the United States Citizen she went into the room expecting to pay the bond.

8.) However, after some time, Ely Mendez came out with the Spanish -speaking officer who proceeded to tell us that we could not post a bond because Marcotulio had an "immigration hold" and they wanted to make sure he did not have an immigration record before he was released.

9.) I have tried unsuccessfully to visit Marcotulio in jail since he has been there since May 14, 2009. When I recently went to try to visit him as his Pastor, I was told that I could not visit him because he is being punished.

*Under penalty of perjury I swear that the above is true and correct.*

Pastor Nicolas Lopez
2005 Crescent Drive
Lake Worth, Florida  33461.
Telephone 561 602 9919

5/31/2009 .

Aileen Josephs
Attorney at Law
Notary Public        5/31/2009 .

Notary Public State of Florida
Aileen Josephs
My Commission DD603875
Expires 10/10/2010

**AFFIDAVIT**

STATE OF FLORIDA               )
COUNTY OF PALM BEACH           )

**I, Pastor Nicolas Lopez, after being duly sworn state the following:**

1.) I am the Pastor of the Church Principe de Paz where Marcotulio Mendez, his wife Crisanta Perez and their four children belong to. We hold our services at Comunidad de Fe 153 Heathorne Drive.

2.) On May 14, 2009, I received a frantic call from Dilma Lopez, a 19 year old woman who lives with the Mendez family. She asked me to go to their home as soon as possible, as it was an emergency.

3.) When I arrived to their home, I saw Marcotulio in one Sheriff's car and Crisanta in another. I saw and heard their four year old cry. After asking the Sheriff Officer what had happened, he told me: "he (Marcotulio) was driving without a license and he had other tickets."

4.) I then asked him, " what about the children- who are they going to stay with?" and the Sheriff Officer told me "with their sister." He then told me that they were going to take them to the jail located on Gun Club Road.

5.) While in their home, with their abandoned and traumatized children, I met Ms. Carolina Normante a friend of theirs. We decided to go the jail to try to bond out Marcotulio and Crisanta. After arriving to the jail, we told a guard dressed in a Sheriff Officer's uniform that we wanted to bond out Marcotulio Mendez. The guard told us that the he had a bond of $3000 and that a United States Citizen had to bond him out.

6.) I called a Sister from our Church that is a United States Citizen (since I am a Legal Permanent Resident) and she agreed to come with me and my wife, Ms. Lazenia Zaldivar in the evening with the money to bond him out. Crisanta had been released from jail early that evening.

7.) At around 8:30 p.m. with $3000 USD in hand, we went to the jail with Ms. Ely Mendez and my wife to bond Marcotulio out from jail. We waited about 35 minutes until a Spanish- speaking female Sheriff Officer came to talk to us. She

**AFFIDAVIT**

STATE OF FLORIDA            )
COUNTY OF PALM BEACH        )


**I, Ely Mendez after being duly sworn state the following:**

1.) I know Mr. Marcotulio Mendez and his wife Crisanta because they attend my same church.


2.) I went with Pastor Nicolas Lopez and his wife Ms. Lasenia Zaldivar on May 14, 2009 at about 8:30 p.m. to bond Marcotulio Mendez out from the jail. We had the amount needed for bail: $3000 in cash with us. We went directly to the jail and told the guard that we were there to post a bond for Marcotulio Mendez.

3.) After waiting for about 35 minutes, a Spanish speaking female Sheriff Officer told us that only one of us could go inside the room to post the bond. I entered the room, the man in charge, who was an African American Sheriff Officer told me in English that I could not post a bond. I did not understand him and asked him if somebody could translate.

4.) I was escorted out and the same Spanish speaking Sheriff Officer came to tell me, in front of the Pastor and his wife, that we could not post a bond because Marcotulio had an immigration "hold" and could not post bond. They also wanted to make sure that Marcotulio did not have an immigration record before he was released.

5.) The above has been translated into Spanish for me.

*Under penalty of perjury I swear that the above is true and correct.*


_Ely. Mendz._            5/31/2009 .
**Ms. Ely Mendez**
**310 Wellesley Drive**
**Lake Worth, Florida 33460**
**Telephone: 561 396 8174**

Notary Public State of Florida
Aileen Josephs
My Commission DD603875
Expires 10/10/2010

_Aileen Josephs_
Attorney at law
Notary Public 5/31/2009.

FILED by ____ D.C.
ELECTRONIC

**Sept. 3, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

**I. (a) PLAINTIFFS** FLORIDA IMMIGRANT COALITION;
EL SOL, JUPITER'S NEIGHBORHOOD CENTER;
CORN MAYA, INC.; MARCOTULIO MENDEZ

**(b)** County of Residence of First Listed Plaintiff   Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

BARRY M. SILVER, ESQ.
1200S. ROGERS CIRCLE, STE.8
BOCA RATON, FL
33487 (561) 483-6900

**DEFENDANTS**

PALM BEACH COUNTY SHERIFF
RIC L. BRADSHAW

County of Residence of First Listed Defendant   Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys (If Known)

**(d)** Check County Where Action Arose:  ☐ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☒ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE  HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

09CV 81280 KAM/LRS

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization | | ☐ 950 Constitutionality of State |
| | Employment | ☐ 550 Civil Rights | Application | | Statutes |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien | | |
| | Other | | Detainee | | |
| | ☒ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgement

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO   b) Related Cases ☐ YES ☒ NO

JUDGE _____   DOCKET NUMBER _____

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
42 USC 1983 (Defendant wrongly confines pre-trial detainees without allowing them to post bond as ordered by a judge based on a federal immigration detainer; 28 USC 2241 habeas for Mr. Mendez.)

LENGTH OF TRIAL via   5   days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $   Unknown
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD   DATE

FOR OFFICE USE ONLY
AMOUNT **350**   RECEIPT #   IFP

724272